UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MONTE SMITH, )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>   Defendant ) | No. 2:12-cv-7-DBH |

### RECOMMENDED DECISION ON MOTION TO REMAND

The defendant has moved to remand this appeal from his decision denying the plaintiff's application for Social Security benefits. Defendant's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (ECF No. 12). The plaintiff opposes the motion, contending that "the proposed Motion does not adequately address the issues raised by Plaintiff's appeal[.]" Objection to Defendant's Motion to Remand ("Objection") (ECF No. 13) at 1. For the reasons that follow, I recommend that the court grant the motion.

The defendant commissioner says that, upon remand, the administrative law judge will be directed to reevaluate all medical opinions in the record, to further evaluate the plaintiff's mental impairments and residual functional capacity, and to obtain evidence from a vocational expert, if necessary. Memorandum of Law in Support of Defendant's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (included in ECF No. 12) at 1. However, the commissioner acknowledges that his

1

remand motion "does not explicitly address all the issues [the plaintiff] raised in his Statement of Errors." Defendant's Reply to Plaintiff's Objection to Defendant's Motion to Remand ("Reply") (ECF No. 14) at 1. Because of that, the plaintiff asks the court to address his appeal on the merits. Objection at 4.

The plaintiff worries specifically that, unless an order of remand is written directing the commissioner to address the precise issues raised on his appeal to this court, the commissioner, through an administrative law judge, "may . . . consider those issues resolved in the Decision's favor." *Id*. at 3. The commissioner would have no grounds to do so, and such an interpretation is as unlikely as it would be pointless. The plaintiff also contends that, if the commissioner is not directed to address each of the specific errors that he has asserted on this appeal, "the ALJ will not feel constrained to address any specific errors or to undertake any specific analysis." *Id.*

That scenario is also unlikely, as the commissioner has already indicated what the administrative law judge will be directed to do, that general description of the issues may easily be construed to include the plaintiff's issues, which his attorney will be free to raise with the administrative law judge, and the commissioner has no reason to engineer a return to this court after voluntarily seeking a remand. As this court has done in the past when the commissioner proposes language for an order of remand with which the claimant disagrees, the best course appears to be to "issue an order of remand without including in [the court's] order the words over which the parties disagree." *Burns v. Astrue*, Civil No. 09-109-P-H, 2009 WL 4910483, at *1. Such a remand "will not limit the commissioner as to what may be done on remand." *Id*.

The plaintiff offers no authority for his implicit contention that the court must assume the worst of the commissioner, when a claimant disagrees with language he proposes for a voluntary order of remand and he refuses to accede to the claimant's preferred language. The plaintiff also

asserts that judicial economy will not be served by a remand in this case, whatever the terms of the order of remand, because the "limited, perfunctory remand sought by the" commissioner, will inevitably result in a third appeal to this court from a denial of his application for benefits.

As Magistrate Judge Kravchuk has noted under similar circumstances, it is always possible that a decision by an administrative law judge on remand may render harmless one or more of the errors noted by the claimant in his appeal. Report and Recommended Decision, *Thibodeau v. Social Sec. Admin. Comm'r*, No. 1:10-cv-003710JAW, 2011 WL 4344561, at *1, nn.2 & 3. Such an outcome would certainly serve judicial economy. *See also Burns*, 2009 WL 4910483, at *1 ("There is no need to spend the court's and the parties' time conducting oral argument on the merits of the current appeal when any issue or issues raised by that appeal may well be resolved by the remand[.]").

For the foregoing reasons, I recommend that the motion to remand be **GRANTED**, but that the order of remand not specify the issues to be addressed by the defendant after the case is remanded.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of August, 2012.

/s/ John H. Rich III  
John H. Rich III  
United States Magistrate Judge